| | |
|---|---|
| **FMHUB, LLC doing business as MUNIHUB,** | : **UNITED STATES DISTRICT COURT** |
| | : **DISTRICT OF NEW JERSEY** |
| Plaintiff, | : |
| | : Civil Action No. 19-5595 (FLW) |
| v. | : |
| | : **PRETRIAL SCHEDULING ORDER** |
| **MUNIPLATFORM, LLC, et al.,** | : |
| | : |
| Defendants. | : |

**THIS MATTER** having come before the Court for an initial scheduling conference pursuant to Rule 16 of the Federal Rules of Civil Procedure on November 12, 2019; and the Court having conferred with counsel and pro se Defendant Kevin Touhey concerning the discovery process and related matters; and good cause appearing for the entry of this Order:

**IT IS on this 13th day of November, 2019**

**ORDERED THAT:**

### I. PENDING MOTIONS

1. Defendant Touhey's Motion to Dismiss [dkt. no. 16] remains pending. Plaintiff's opposition papers must be filed by November 18, 2019; Defendant's reply papers must be filed by November 25, 2019.

2. The Motion to Withdraw as Attorney [dkt. no 20] is GRANTED and Defendant Touhey is proceeding pro se.

3. Plaintiff's Motion for Entry of Default against Defendant Multiplatform, LLC [dkt.no. 22] is GRANTED and the Clerk shall enter a default against said Defendant on the docket of this case. An application for the entry of Default Judgment must be filed separately by Plaintiff.

4. Defendant Touhey's Motion to Seal [dkt.no. 23] is withdrawn.

## II. DISCLOSURES

1. The initial disclosures required by Fed.R.Civ.P. 26 must be served **by December 4, 2019.**

2. If appropriate, Counsel must conduct the e-discovery conference required by Fed. R. Civ. P 26(f) and L. Civ. R. 26.1 (d) **no later than December 4, 2019.**

## III. DISCOVERY CONFIDENTIALITY ORDERS

3. Any proposed confidentiality order agreed to by the parties must comply with Fed.R.Civ.P. 26(c) and L.Civ.R. 5.3. Any such order must be clearly designated **"Discovery Confidentiality Order."** *Id.*

## IV. DISCOVERY

4. All parties must conduct discovery expeditiously and diligently. In addition, all discovery conducted must be proportional to the needs of the case considering the factors set forth in Fed. R. Civ. P. 26(b)(1).

5. The parties' initial written discovery requests must be served **by December 20, 2019.** Responses to such discovery requests must be served **by January 31, 2020.**

6. In accordance with Fed. R. Civ. P. 33, the parties may serve **twenty-five (25) single interrogatories (including all sub-parts)**. In accordance with Fed. R. civ. P 30, the parties are limited to **10 depositions** per side.

7. No objections to questions posed at depositions shall be made other than as to lack of foundation, form or privilege. *See* Fed.R.Civ.P. 32(d)(3)(A). No instruction not to answer shall be given unless a privilege is implicated.

8. Any motion to amend the pleadings or to join new parties, whether by amended or third party complaint, must be filed **by May 1, 2020.**

9. All fact discovery, including any third party depositions, is to be complete **by August 31, 2020.** No discovery is to be issued or conducted after this date.

10. Any party intending to file a dispositive motion must first seek leave of the Court by way of a letter application. All calendar or dispositive motions, if permitted, shall comply with L.Civ.R. 7.1(b) and 78.1.

11. The parties must meet and confer in a good faith effort to resolve any discovery or case management dispute before bringing such dispute to the attention of the Court. *See* L.Civ.R. 16.1(f)(1). Any unresolved disputes must be brought to the Court's attention promptly by a joint letter to the undersigned.

12. No discovery motion or motion for sanctions for failure to provide discovery shall be made without prior leave of Court.

### V. FUTURE CONFERENCES

13. The Court will conduct telephone status conferences **on January 14, 2020 at 3:30PM; and on July 7, 2020 at 2:00PM.** Counsel for Plaintiff is directed to initiate the calls to (609) 989-2144. During the latter conference, the Court will set a schedule for expert discovery and/or dispositive motions.

14. Counsel must confer at least 48 hours in advance of each Court appearance to confirm attendance and to review any matters to be discussed with the Court.

15. The Court may from time to time schedule conferences as may be required, either *sua sponte* or at the request of a party. Failure to appear at such conferences, or to comply with the terms of this or any Court Order, may result in the imposition of sanctions.

16. Counsel should be prepared to discuss settlement at every conference with the Court. Lead trial counsel and client(s) with full settlement authority are required to appear in-person at any settlement conference conducted by the Court. In cases involving insurance companies and other corporate or business entities, it is expected that the executive who will make the final decision regarding settlement will be the person available for the conference.

17. Since all dates set forth herein are established with the assistance and knowledge of counsel, there will be no extensions except for good cause shown and by leave of the Court, even with consent of the parties.

18. **The Clerk of the Court is directed to mail Defendant Touhey a Consent & Registration Form to Receive Documents Electronically**. Should Mr. Touhey wish to receive documents electronically, he is to complete the form and return it to the Clerk.

                                                     s/ Douglas E. Arpert
                                                     DOUGLAS E. ARPERT
                                                     United States Magistrate Judge